UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

C. JOHN FANTEL,

    Plaintiff,

v.     Case No. 8:24-cv-01829-MSS-NHA

STATE OF FLORIDA,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS

I recommend Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) be denied without prejudice, and that his Complaint (Doc. 1) be dismissed without prejudice, subject to his right either to amend his Complaint and re-file his motion to proceed without pre-paying the filing fee, or to pay the filing fee, within 60 days.

### I. Background

Plaintiff C. John Fantel filed this action against Defendant, the State of Florida, alleging that Defendant violates the Constitution by requiring drivers in the state to obtain a driver's license, a vehicle registration, and car insurance, and by levying civil fines against them when they fail to do so. Compl., (Doc. 1). Plaintiff alleges that these requirements have forced him to

contract with and pay third parties against his will before exercising his federal right to travel.

Plaintiff does not identify the specific statutes he challenges. Plaintiff does not plead any facts concerning the date(s), location(s), persons, or circumstances through which Plaintiff has been harmed.

Plaintiff alleges that Defendant's laws violate numerous articles of and amendments to the United States Constitution. First, Plaintiff claims that Florida's requirement that drivers carry insurance violates the Takings Clause of the Fifth Amendment. *Id.* at 3. Second, Plaintiff alleges that forcing him to contract against his will with insurance companies, and with the third-party law firm collecting his traffic fine, violates the Contracts Clause (Article 1, Section 10). *Id.* at 3–4. Third, Plaintiff alleges that obstructing his right move freely by imposing prerequisites to driving violates Article IV and the First and Ninth Amendments of the Constitution. *Id.* at 4–5. Fourth, Plaintiff asserts that imposing conditions on his right to move freely violates the Supremacy Clause. *Id.* at 6. Fifth, Plaintiff broadly asserts that the driving laws violate the right to due process under the Fifth and Fourteenth Amendment. *Id.* at 1. Sixth, Plaintiff broadly asserts that Defendant's laws violate the Equal Protection Clause. *Id.* at 1.

Plaintiff seeks to enjoin the third-party law firm from collecting his traffic fine and from accessing his driving records, and to enjoin Defendant

from imposing fees for issuing drivers licenses and registrations, from requiring insurance, and from charging court costs for traffic violations. *Id.* at 6. Plaintiff, who is not represented by a lawyer, seeks to bring this lawsuit without pre-paying the filing fee. Doc. 2.

## II.     Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal

pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

### III. Analysis

Under 42 U.S.C. Section 1983 a person may bring a federal lawsuit for the deprivation, under color of law, of the rights, privileges, and immunities granted to him by the laws or Constitution of the United States. Liberally construed,[1] Plaintiff sues Defendant under Section 1983 for violations of (1) the Takings Clause in the Fifth Amendment; (2) the Contract Clause (Article 1, Section 10); (3) his right to freedom of movement under Article IV and the First and Ninth Amendments; (4) the Supremacy Clause; (5) the Due Process Clauses in the Fifth and Fourteenth Amendments, and (6) the Equal Protection Clause. Compl. (Doc. 1).

Because Plaintiff sues the State of Florida, the Court first considers whether the Eleventh Amendment bars Plaintiff's claims. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Even though the Amendment expressly refers only to suits by citizens of another state or country, the immunity prevents a citizen from bringing suit against even his

---

[1] When a plaintiff fails to identify the provision under which his cause of action falls, the Court, in affording pro se litigants wide latitude, may use common sense to ascertain the violations alleged in a pro se pleading. *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992).

own State in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). The Eleventh Amendment generally serves as a jurisdictional bar to suing a state in federal court. *Pennhurst State Sch. Et Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Missouri Dep't of Public Health and Welfare*, 411 U.S. 279, 280 (1973)).

Because Plaintiff brings claims against the State of Florida, it appears at first glance that the Eleventh Amendment bars his claims. Nonetheless, there are three exceptions to Eleventh Amendment immunity. *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). First, a state may expressly waive its immunity. *Pennhurst*, 465 U.S. at 99. Second, Congress can abrogate the immunity pursuant to Section Five of the Fourteenth Amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985). And, third, a party may sue for prospective injunctive relief in "a suit challenging the constitutionality of a state official's action." *Pennhurst*, 465 U.S. at 102 (discussing *Ex Parte Young*, 209 U.S. 123 (1908)).

Turning to the first exception, Florida has expressly waived, through legislation, its immunity in certain actions:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be

6

> liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

§ 768.28(1), Fla. Stat. But, as to Plaintiff's 42 U.S.C. § 1983 claims, the Eleventh Circuit has held that section 768.28 of the Florida Statues "was intended to render the state and its agencies liable for damages for traditional torts under state law, but to exclude such liability for 'constitutional torts.'" *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986).

Constitutional torts are actions that allege a violation of one's constitutional rights by a government actor. *Monroe v. Pape*, 365 U.S. 167, 196 (1961) (categorizing these actions as akin to a traditional tort), *overruled by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). By definition, section 1983 claims allege that a state actor deprived an individual "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Here, Plaintiff alleges that Defendant violated section 1983 by abridging his constitutional rights. Plaintiff's section 1983 claims are constitutional torts. Florida has not waived its immunity against constitutional torts like Plaintiff's section 1983 claims. *Gamble*, 779 F.2d at 1515. So, no affirmative state waiver undermines the Eleventh Amendment's bar to Plaintiff's claims.

7

As to the second exception to Eleventh Amendment immunity, Congress has not abrogated Eleventh Amendment immunity in section 1983 cases. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The final exception to Eleventh Amendment's immunity applies when a party seeks prospective injunctive relief prohibiting an unconstitutional act by a state official. *Ex Parte Young*, 209 U.S. at 159–60. This doctrine only applies when a complaint (1) alleges an ongoing and continuous violation of federal law by a state official, *see id.*, and (2) requests relief that can be characterized as "prospective," *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted); *see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (citation and internal quotation marks omitted)). "Where there is a threat of future enforcement that may be remedied by prospective relief, the ongoing and continuous requirement has been satisfied." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999)

But the exception does not apply to states and therefore does not apply to Plaintiff's claims against Defendant. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte*

8

*Young* exception to sovereign immunity is "narrow" and that it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

Because the Eleventh Amendment generally protects states from lawsuits, and because none of the exceptions to that protection apply here, the Court does not have subject matter jurisdiction over Plaintiff's claims. *Welch v. State Dept. of Highways and Public Transportation*, 483 U.S. 468, 472 (1985) (The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state).

## IV.  Conclusion

Because his lawsuit is barred by the Eleventh Amendment, I find that Plaintiff fails to state a viable, non-frivolous claim. Nonetheless, because Defendant has not yet answered, Plaintiff must be granted leave to amend. *Troville v. Venz*, 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002) ("Section 1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Federal Rule of Civil Procedure 15").

Accordingly, I respectfully **RECOMMEND**:

(1) Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED without prejudice;

(2) Plaintiff's complaint be DISMISSED without prejudice, subject to

9

    the right of Plaintiff either to pay the filing fee, or to file an amended complaint and motion to proceed in forma pauperis, within 60 days of the District Court's order of dismissal;

(3)    At the close of the 60-day period, if Plaintiff has failed to file the amended documents, or to pay the filing fee, Plaintiff's case be dismissed with prejudice, meaning that Plaintiff would not be allowed to re-open or re-file this lawsuit.

The Clerk is directed to send a copy of this report and recommendation to Plaintiff at tampalawyer9@gmail.com

REPORTED on October 18, 2024.

*[signature]*
NATALIE HIRT ADAMS
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.